DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of the judgment of the Lucas County Court of Common Pleas granting appellee's, National Engineering and Contracting Co. ("National Engineering"), motion for directed verdict following the trial in this case. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant, James F. Fisher, sets forth the following two assignments of error:
 {¶ 3} "A. The Trial Court Erred in Granting Appellee a Directed Verdict on Appellants' Employer Intentional Tort Claims.
 {¶ 4} "B. The Trial Court Erred in Excluding 29 CFR 1926.501."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On April 15, 1998, appellant was employed as a foreman by appellee, National Engineering. Appellant was assigned to work at a construction site located on northbound I-75. Appellant was responsible for the task of unloading a supply of steel pipe from delivery trucks and preparing them for pile driving. Appellant was experienced, having performed pile driving since the 1960s.
 {¶ 6} Appellant asked his supervisor whether a crane or backhoe operator could be provided to mechanically unload the pipes. After being advised that no crane or backhoe operator was available to unload the pipes, appellant elected to manually
unload the pipes. Appellant had previously utilized this manual unloading process, without incident. Appellant did not believe this manual process was unsafe or unduly hazardous. Appellant did not notify his supervisor of any concerns that manual unloading and preparation was unsafe. Similarly, none of the members of appellant's work crew expressed concerns about the safety of the process.
 {¶ 7} The area utilized to manually unload the steel pipes was a sloped surface. Appellant inserted 4x4 wooden planks into "groundhog holes" to erect a barricade in an effort to prevent the pipes from rolling down the incline.
 {¶ 8} As appellant and the work crew began unloading and preparing the pipes, an unfortunate incident occurred. Appellant's work glove caught on a rough edge of one of the pipes. The snagged glove caused appellant to be pulled down the slope along with the rolling pipe. The wooden barricade failed. Appellant was dragged down the hill with the pipe and suffered injuries. Appellant frankly concurred in characterizing this event as a "freak accident."
 {¶ 9} On April 15, 1999, appellant filed an intentional tort complaint against appellee. On November 7, 2000, National Engineering filed for summary judgment. On May 7, 2002, the trial court denied appellee's motion for summary judgment. On May 24, 2004, the case went to trial. At the conclusion of the trial, appellant moved for directed verdict pursuant to Civ.R. 50(A). On June 16, 2004, the trial court granted appellee's motion for directed verdict. Appellant filed a timely notice of appeal.
 {¶ 10} In his first assignment of error, appellant claims the trial court erred in granting appellee's motion for directed verdict. In support, appellant argues the trial court erred by not elaborating in its judgment entry the basis of its finding that appellant failed to sustain his burden of proof for the second prong of the employer intentional tort test, substantial certainty of injury.
 {¶ 11} Pursuant to prevailing Supreme Court of Ohio case law, there are three mandatory evidentiary elements which must be established to prove an employer committed an intentional tort. It must be established that:
 {¶ 12} "(1) Knowledge by the employer of the existence of the dangerous process, procedure, instrumentality or condition within its business operation;
 {¶ 13} "(2) Knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality, or condition, then harm to the employee will be a substantial certainty; and
 {¶ 14} "(3) That the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." Fyffe v. Jeno's, Inc.,
59 Ohio St.3d 115, paragraph 1 of the syllabus.
 {¶ 15} Following trial, the court concluded that reasonable minds could only conclude that appellant failed to establish the substantial certainty element necessary to prove an intentional tort. Based upon this finding, the motion for directed verdict was granted.
 {¶ 16} Civ.R. 50(A)(4) states in relevant part, "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue." An appellate court reviews a lower court ruling on a Civ.R. 50(A)(4) motion on a de novo basis. Sally R. Powers v. The SalvationArmy, 6th Dist. No. L-04-1020, 2004-Ohio-7175, at ¶ 12.
 {¶ 17} The burden of proof set forth in Fyffe, is substantial. Each one of the elements must be proven by a plaintiff in order to prevail. The failure to establish any of the three elements is fatal to the claim.
 {¶ 18} The trial court concluded that appellant did not establish the second prong of the Fyffe test. The trial court held that appellant failed to demonstrate appellee had knowledge that the process utilized by appellant was substantially certain to cause injury. The record shows that appellant previously utilized this exact process, without incident. Appellant's experience as a pile driver spanned 40 years. Appellant frankly conceded that his injury was a "freak accident."
 {¶ 19} There is no evidence in the record to suggest there was any information available to, or known by, appellee from which it could have reasonably concluded this process was substantially certain to cause injury. On the contrary, appellant stated that no one from National Engineering was aware the procedure was unsafe. There is no evidence in the record from which the second prong of the Fyffe test could be satisfied. Appellant's first assignment of error is not well-taken.
 {¶ 20} In his second assignment of error, appellant asserts that the trial court erred in excluding Section 1926.501, Title 29, C.F.R. This federal regulation sets forth the requirements imposed upon employers to implement fall protection safety systems and devices where there is a risk of falling from one level of a working environment to a lower level. In support, appellant alleges that the language of this regulation is broad enough to encompass and apply to the facts of this case.
 {¶ 21} As is well established in controlling case law, decisions pertaining to the exclusion of evidence lie within the discretion of the trial court. Appellate court review is limited to a determination of whether or not the trial court abused its discretion. To establish an abuse of discretion, it must be shown that the trial court's attitude in the ruling rose to the level of unconscionability. Don Habegger v. Stephan Paul, et al., 6th Dist. No. WD-03-038, at paragraph 14.
 {¶ 22} The record clearly establishes that Section 1926.501, Title 29, C.F.R., expressly applies to workplace scenarios in which an employee is at risk of falling from an elevated location to another level or surface below, such as employees working upon scaffolding or platforms. Such workplaces are characterized by vertically variable surfaces or levels. This case entailed appellant's manual unloading of piping at ground level. The risks involved in working at ground level are simply not covered by this fall protection regulation, despite ground that has incline or slope. The record shows that the trial court's decision to exclude the fall protection federal regulation was not unreasonable, arbitrary, or unconscionable. Appellant's second assignment of error is not well-taken.
 {¶ 23} Appellee submitted two cross-assignments of error asserting that the trial court erred in granting the motion for directed verdict based solely upon the second prong of theFyffe test. Because appellant's assignments of error are not well-taken, we need not address the cross-assignments of error. See App.R. 3(C)(2).
 {¶ 24} Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellee on behalf of Lucas County and for which execution is awarded. See App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Dennis M. Parish, J., CONCUR.